

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4600

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chen v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 06-4600

—————————

ZHEN FA CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-593-933)
Immigration Judge:  Hon. Henry S. Dogin

—————————————

Submitted under to Third Circuit LAR 34.1(a)
October 12, 2007

Before:  BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 28, 2008)
——————

O P I N I O N
——————

PER CURIAM

Zhen Fa Chen petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. For the following reasons, we will deny his petition.

In December 2004, Chen, a native of China, was charged as removable for entering the United States without inspection. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. He contended that he faced persecution under China's family planning policy. After a hearing, an Immigration Judge (IJ) found Chen incredible, denied relief, and ordered him removed to China. Chen appealed to the BIA and filed a motion to remand the matter to the IJ to consider newly submitted statements from his aunt and his wife's sister. The BIA adopted and affirmed the IJ's decision, and it denied Chen's motion to remand. Chen then filed a timely petition for review, and we have jurisdiction under 8 U.S.C. § 1252.

The IJ denied relief because he found that Chen was not credible. That determination is a factual finding subject to review under the substantial evidence standard. We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir. 2005). The credibility finding must be grounded in the record and based on inconsistencies or

improbabilities that are crucial to the claim. Zheng v. Gonzales, 417 F. 3d 379, 381 (3d Cir. 2005).

As the details of Chen's claims are well-known to the parties and set forth in the IJ's

opinion, we need not discuss them at length. According to Chen, in October 1996, when his wife was three months pregnant, she was forcibly aborted, and an intrauterine device (IUD) was inserted. After Chen and his wife had the IUD removed by a private doctor, she became pregnant in September 2004 and went into hiding. Chen stated that she was forcibly aborted again on October 26, 2004.

The IJ concluded that Chen was not credible based on several inconsistencies. Chen was confronted with the fact that an IUD booklet indicated that his wife's IUD was in place in September 2004. He explained that his wife's sister had gone to the exam and posed as his wife. The IJ asked why this was not mentioned in Chen's asylum application or his wife's statement. Chen said that his wife was afraid to mention it. This inconsistency is crucial to the claim because if Chen's wife had gone to the exam in September 2004, she could not have been pregnant and forcibly aborted in October. Chen also could not explain why the birth control officials would be looking for his wife in October 2004 if they thought they had just examined her in September.

Chen also testified at the hearing that his wife did not know for ten to twenty days after the October 2004 abortion that another IUD had been inserted. However, in his asylum application, Chen said that the birth control officials told them in the hospital right after the abortion that if they tried to remove the IUD again, his wife would be sterilized. Chen could not explain this inconsistency.[1] These inconsistencies also support the IJ's adverse

---

[1] The IJ also noted that the translation of the medical record concerning the October 2004 abortion was not a complete document.

credibility finding.

The IJ's adverse credibility finding was based on specific reasons supported by the record, and Chen has not shown that the record compels a finding that he was credible and entitled to relief.  Zheng, 417 F.3d at 383.  Accordingly, we will deny the petition for review.